Barnard, P. J.,
(dissenting)—By chapter 407, Laws of 1881, it is made a misdemeanor to manufacture, sell or offer to sell adulterated food. The act defines adulteration of food to be the addition of any poisonous ingredient, or any ingredient which renders it injurious to health of person using it. The act further provides that the state board of health may declare certain articles exempt from the provisions of the act. It is made the duty of the state board of health to “fix the limits of variability possible in any article *583 of food,” and for that purpose the board of health is charged with full powers of analysis. The state board of health, acting under these powers, declared that canned peas, in which no greater proportion than three-quarters of a grain of metallic copper to one avoirdupois pound of peas had been used in its preparation, should be exempt from the act, and the declaration provided “and that the same be plainly stated on the label.” The defendants sold some peas without a label. They were convicted of a misdemeanor without proof of the fact that copper was injurious to health, in the food in question. Under the act, the crime was made out without this proof. The board of health determined copper to be injurious and exempted the food with a fixed proportion of copper, but the fact must be stated on the label. All violations of the act are made misdemeanors,, and the sale of canned peas without a label, when copper was used without this label, falls under section 7, of the act which provides that any violation of the provisions of this act should be held and punished as a misdemeanor.
The judgment should therefore be affirmed.